# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DataStrait Networks, Inc., | Civil No. 17-1355 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| S2 Security Corporation, | |
| Defendant. | |

Cyrus C. Malek, Esq., and Jack Y. Perry, Esq., Briggs & Morgan, PA, counsel for Plaintiff.

Anthony S. Fiotto, Esq., and Robyn Rebecca Schwartz, Esq., Goodwin Procter LLP; and Joshua B. Strom, Esq., Robins Kaplan LLP, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss or Stay and Compel Arbitration (Doc. No. 6). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion. The Court orders the parties to arbitration and stays these proceedings pending the outcome.

## BACKGROUND

Defendant S2 Security Corporation ("S2") contracted with Plaintiff DataStrait Networks, Inc. ("DataStrait") to be S2's sales representative for certain territories. Pursuant to the Agreement, "The parties agree that any disputes or questions arising hereunder, including the construction or application of this Agreement, shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . . ."

(Doc. No. 1-4 ("Am. Compl.")).) After S2 terminated the Agreement, DataStrait filed suit alleging that S2 had failed to follow Minnesota law when it terminated the Agreement. S2 now seeks to have the claims arbitrated.

## DISCUSSION

S2 brings this motion pursuant to the Federal Arbitration Act ("FAA"). The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. S2 asks the Court to dismiss or stay the proceedings because the present dispute is governed by a written arbitration agreement. In determining whether to compel arbitration, the Court usually must determine: (1) whether a valid agreement to arbitrate exists between the parties; and (2) whether the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). But under the FAA, parties can agree to have an arbitrator decide whether claims fall within the scope of the agreement. *See, e.g.*, *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877 (8th Cir. 2009) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). There is a strong presumption in favor of arbitration and any doubts concerning arbitration rights should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Here, the parties do not dispute that the FAA applies or that the Agreement is valid; the only dispute is whether DataStrait's claims are within the scope of the arbitration clause. But the Agreement provides that the arbitrator will decide "any disputes or questions arising hereunder, *including the construction or application of this Agreement* . . . ." (Am. Compl. ¶ 29 (emphasis added).) Similarly, under the rules of the

2

American Arbitration Association, which were incorporated by reference into the arbitration clause, the arbitrator decides whether a particular dispute falls within the scope of the arbitration clause.[1] Thus, the parties agreed to have the arbitrator decide whether a particular dispute falls within the scope of the arbitration clause. *See Fallo*, 559 F.3d at 878. And DataStrait does not make any argument to the contrary. The Court therefore grants S2's motion to stay the matter pending arbitration. If the arbitrator decides that DataStrait's claims are outside the scope of the arbitration clause, then the parties will return here to litigate the merits.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss or Stay and Compel Arbitration (Doc. No. [6]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. To the extent that Defendant seeks to compel arbitration, the motion is **GRANTED**.

    b. To the extent that Defendant seeks dismissal, the motion is **DENIED**.

2. This matter is **STAYED** pending the outcome of arbitration.

---

[1] (Doc. No. 9 ("Fiotto Aff.") ¶ 4, Ex. B ("AAA Rules") at R-7(a) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.").)

3. The Court expressly retains jurisdiction over this case.

Dated: June 23, 2017      <u>s/Donovan W. Frank</u>
               DONOVAN W. FRANK
               United States District Judge